UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAHJAE FERRIL,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT ET AL.,<br><br>Respondents. | CASE NO. 2:26-cv-03161-JHC<br><br>ORDER |

## I
## INTRODUCTION

This matter comes before the Court on Tahjae Ferril's Petition for Writ of Habeas Corpus. Dkt. # 5. The Court has reviewed the materials filed in support of and in opposition to the petition,[1] the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court DENIES the petition.

[1] Due to mailing delays, Petitioner did not receive Federal Respondents' Response as of September 24, 2026. *See* Dkt. # 15 at 1. Accordingly, the Court GRANTS Petitioner's Request to extend the deadline to file a reply (Dkt. # 15) and considers Petitioner's Reply (Dkt. # 14) in connection with its resolution of this petition.

## II
## DISCUSSION

Federal district courts have the authority to grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241 (a), (c). "The [habeas] petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Here, Petitioner argues that he is entitled to habeas relief because his continued detention under 8 U.S.C. § 1226(c) has become unreasonably prolonged in violation of his right to due process under the Fifth Amendment of the U.S. Constitution. *See generally* Dkt. ## 5 & 14. In determining whether a noncitizen's detention under § 1226(c) has become unreasonably prolonged, courts in this District apply the multi-factor test from *Martinez v. Clark*.[2] Under this test, courts consider:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made [them] removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal.

2019 WL 5968089, at *9. And if the *Martinez* factors weigh in the petitioner's favor, the court will find a due process violation, grant the habeas petition, and order the respondents to provide the petitioner with an individualized bond hearing that comports with procedural due process and

---

[2] *See, e.g.*, *Smbat v. Ice Field Off. Dir.*, 2026 WL 1842663, at *2 (W.D. Wash. June 26, 2026); *Odimara v. Bostock*, 2025 WL 1490395, at *5 (W.D. Wash. Mar. 27, 2025), *report and recommendation adopted*, 2025 WL 1489705 (W.D. Wash. May 23, 2025).

the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011).[3] The Court likewise applies *Martinez* here.

1. Length of detention

The length of detention is the "most important factor." *Martinez*, 2019 WL 5968089, at *9. "Under this factor, the longer mandatory detention continues under 8 U.S.C. § 1226(c) beyond the 'brief' period authorized in *Demore* [*v. Kim*, 538 U.S. 510 (2003)], the harder it becomes to justify without conducting an individualized bond hearing." *Sarr v. Scott*, 765 F. Supp. 3d 1091, 1098 (W.D. Wash. 2025).

Petitioner has been detained since December 29, 2026—now more than 10 months. *See* Dkt. ## 10 at 3; 14 at 3. And while less than the 13-month period of detention found to be unreasonably prolonged in *Martinez*, it is still more than the 6-month period of detention upheld in *Demore*. *See Martinez*, 2019 WL 5968089, at *9; *Demore*, 538 U.S. at 531. This factor thus favors Petitioner.

2. Likely duration of future detention

The Court next "considers how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings including administrative and judicial appeals." *Martinez*, 2019 WL 5968089, at *9.

Although speculative, Petitioner's removal proceedings could take years to resolve. Petitioner currently has an appeal pending before the BIA. *See* Dkt. ## 5 at 22; 14 at 4. If remanded, his case would continue to proceed before an Immigration Judge; if denied, Petitioner could appeal his case to the Ninth Circuit. Either way, his case is likely to continue for many more months if not years. *See, e.g.*, *Juarez v. Wolf*, 2021 WL 2323436, at *5 (W.D. Wash. May

[3] *See, e.g.*, *Smbat*, 2026 WL 1842663, at *5; *Odimara*, 2025 WL 1490395, at *11.

5, 2021), *report and recommendation adopted*, 2021 WL 2322823 (W.D. Wash. June 7, 2021) (estimating 2 years or more at the outset of a Ninth Circuit appeal). And while Respondents have stated that "the likely future duration is not excessive," Dkt. # 10 at 7, they have provided no argument or evidence to support that assertion. *See generally id.* This factor thus favors Petitioner.

3. Criminal history

Under the third and fourth factors, the Court reviews the length of civil detention compared to the petitioner's criminal sentence and the nature of the crime. These factors "are suggestive of whether the detainee is a danger to the community or a risk of flight such that a bond hearing would be futile." *Juarez*, 2021 WL 2323436, at *5.

Petitioner's criminal history does not favor relief. On September 4, 2025, Petitioner was convicted in the Circuit Court of Indian River County, Florida, of: (1) Battery on a Law Enforcement Officer or Firefighter in violation of Florida Statute 784.07(2)(b); (2) Resisting Officer with Violence in violation of Florida Statute 843.01; and (3) Possession of a Controlled Substance (Methamphetamine) in violation of Florida Statute 893.13(6)(a); among other offenses. *See* Dkt. # 12 at 2; *see also* Dkt. # 11-5. He was then sentenced to a term of 22 months of incarceration and two years of probation. *See id.* The period of Petitioner's current detention is thus far less than his sentence. And while Petitioner's criminal history is not extensive, it is recent. And the nature of the crimes—namely, battery on a law enforcement officer and resisting arrest—suggest that Petitioner may present a risk of flight and/or a danger to the community such that a bond hearing would be futile. The third and fourth factors thus favor Respondents.

4. Conditions of detention

The Court next "considers the conditions of the detention facility where the petitioner is detained." *Martinez*, 2019 WL 5968089, at *9. "The more that the conditions under which the

[noncitizen] is being held resemble penal confinement, the stronger [the] argument that [they are] entitled to a bond hearing." *Id*. (citation omitted).

Petitioner says that the conditions at NWIPC resemble those of prisons and jails, and that he has been exposed to unsanitary and unhygienic conditions. *See* Dkt. # 5 at 24–29; *see also* Dkt. # 14 at 6–8. And while Petitioner does not provide evidence that his conditions are meaningfully different from those faced by other civil immigration detainees at NWIPC, *see id*., "courts within this district have characterized the conditions in NWIPC as that of a prison, including problems with food, medical neglect, and cleanliness." *Shevchuk v. Scott*, 2026 WL 1413609, at *2 (W.D. Wash. May 20, 2026); *see also Hossain v. Scott*, 2026 WL 1533003, at *6 (W.D. Wash. June 1, 2026) (collecting cases on NWIPC conditions). The Court thus finds this factor to be neutral, if not leaning towards Petitioner.

5. Delays in removal proceedings

Under the sixth and seventh factors, the Court considers "the nature and extent of any delays in the removal proceedings caused by petitioner and the government, respectively." *Martinez*, 2019 WL 5968089, at *10. "Petitioner is entitled to raise legitimate defenses to removal . . . and such challenges to his removal cannot undermine his claim that detention has become unreasonable." *Juarez*, 2021 WL 2323436, at *6 (citation omitted).

Neither party has submitted compelling evidence of significant delays attributed to the other party, *see generally* Dkt., and so these factors are neutral.

6. Likelihood of final order of removal

Finally, the Court considers the likelihood that the removal proceedings will result in a final order of removal. *See Martinez*, 2019 WL 5968089, at *10. "[W]here a noncitizen has asserted a good faith challenge to removal, 'the categorical nature of the detention will become increasingly unreasonable.'" *Id.* (quoting *Reid v. Donelan*, 819 F.3d 486, 500 (1st Cir. 2016)).

The likelihood that Petitioner's removal proceedings will result in a final removal order is speculative. While Petitioner's case is on appeal and he has asserted a legal defense to removal, he also already has a final order of removal and the Court has very little information concerning the underlying merits of his case. *See generally* Dkt. Accordingly, the Court cannot determine the likelihood of removal, and so it finds this factor neutral.

7. Weighing the Factors & Remedy

As discussed above, three factors favor Petitioner, two factors favor Respondents, and the rest are neutral. And while this breakdown of factors could support habeas relief in some circumstances, the factors weighing against Petitioner here are dispositive, as they indicate that the Government possesses clear and convincing evidence that Petitioner presents a flight risk or danger to the community, thereby making a bond hearing futile. Accordingly, the Court concludes that Petitioner has not met his burden of proving by a preponderance of the evidence that he "is in custody in violation of the Constitution or laws or treaties of the United States" and is entitled to habeas relief at this time. 28 U.S.C. § 2241(c).[4]

## III
## CONCLUSION

For these reasons, the Court DENIES the habeas petition (Dkt. # 5) without prejudice. It further DIRECTS the Clerk to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

[4] The Court notes that although Petitioner is not entitled to habeas relief at this time, he may be entitled to habeas relief later if his continued detention becomes unreasonably prolonged or indefinite. *See, e.g.*, *Hossain*, 2026 WL 1533003, at *7 (concluding that the petitioner is not entitled to a bond hearing at this time but that the petitioner may file another habeas petition later if his detention becomes unreasonably prolonged or indefinite).

Dated this 7th day of October, 2026.

John H. Chun
United States District Judge